UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE BEAVER,<br><br>          Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | CASE NO. 3:20-CV-5754-DWC<br><br>ORDER ON MOTION FOR 406(B) ATTORNEY FEES |

Presently before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C.§ 406(b). Dkt. 37. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the

1  fee requested, taking into consideration the character of the representation and results achieved.
2  *See id*. at 807, 808. Although the fee agreement is the primary means for determining the fee, the
3  Court may reduce the fee for substandard representation, delay by the attorney, or because a
4  windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th
5  Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

6        Here, Plaintiff signed a contingency fee agreement agreeing to pay his attorney a fee
7  equal to 25% of the amount awarded for past-due benefits. *See* Dkt. 37-3. The representation was
8  not substandard and the results achieved were excellent. *See* Dkt. 33; Dkt. 37-2; *Grisbrecht*, 535
9  U.S. at 808. This Court remanded this matter to the Administration for further proceedings and,
10 following remand, Plaintiff was awarded benefits. *See* Dkt. 33, 37-2. There is no evidence of an
11 excessive delay by the attorney or that a windfall will result from the requested fee. Furthermore,
12 Plaintiff states the Motion is unopposed and the Commissioner has no objection to the award.
13 Dkt. 37.

14       Plaintiff moves for attorney's fees in the total amount of $ 6,475.38, which is 25% of
15 Plaintiff's total past-due benefits. *See* Dkt. 18, 18-3. Previously, Plaintiff was awarded an
16 attorney fee of $ 6,043.39 under the Equal Access to Justice Act ("EAJA"). Dkt. 36. Therefore,
17 Plaintiff is moving for a remaining attorney's fee award of $ 431.99. After review of the relevant
18 record, the Court orders attorney's fees in the amount of $ 431.99, minus any applicable
19 processing fees as allowed by statute, be awarded to Plaintiff's attorney, Elie Halpern, pursuant
20 to 42 U.S.C. § 406(b).

21       Dated this 16th day of November, 2021.

David W. Christel
United States Magistrate Judge

ORDER ON MOTION FOR 406(B) ATTORNEY
FEES - 2